IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00257-RPM

MIKE A. QUINTANA,

              Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

              Defendant.

_____

ORDER VACATING DECISION AND FOR REMAND
_____

On June 10, 2004, an administrative law judge ("ALJ") issued a written decision denying the application of Mike A Quintana for a period of disability, disability insurance benefits and supplemental security income, finding and concluding that although the claimant had severe impairments of arthritis, tinnitus, hearing loss in the left ear and back pain, he retained the residual functional capacity to perform light work in such jobs as photo machine operator, telemarketer and library clerk.  That decision was based upon the ALJ's review of extensive medical records from the Veterans Administration and administrative evaluations made in the course of processing the application together with testimony of the claimant and a vocational expert ("VE"), Nora Dunne, at a hearing held at Alamosa, Colorado, on February 24, 2004.  An appeal filed in this court resulted in a remand on the motion of the Commissioner for further proceedings.  On July 29, 2005, the Appeals Council vacated the decision and remanded the matter to the same ALJ for resolution of the following issue:

> The hearing decision does not contain an evaluation of the treating source opinion in Exhibit 9F. Vijay Verma, M.D. stated that the claimant had difficulty in prolonged sitting, standing, or any other stress to the spine; and that sedentary employment could be given a trial, to start with for four hours, then six hours, only if he could tolerate it, avoiding repetitive stress to the hands and spine. R. 241.

A brief hearing was held at Alamosa, Colorado, on October 19, 2005, at which the claimant testified that his condition was worse although his gout was under control but he still had a lot of pain and spent most of his time in a recliner chair. He further testified that the pain medication and muscle relaxer caused him to take naps in the morning and in the afternoon. Although the same VE was present, she was not asked any questions by the ALJ or the claimant's attorney who was present but had not represented Mr. Quintana at the first hearing.

On December 1, 2005, the ALJ issued his second decision, reaching the same result with essentially the same analysis given in his first decision. The primary difference is the following paragraph concerning the reasons the ALJ gave no weight to the opinion of Dr. Verma.

> Similarly, the undersigned assigns no weight to the opinion of Dr. Verma, who on May 16, 2003, suggested that the claimant be restricted to sedentary employment, first at 4 hours, and then at 6 hours a day, if tolerated, and recommended that the claimant avoid repetitive stress to the hands and spine. Grip limitations were also recommended due to the degenerative joint disease in the claimant's hands. Despite such extensive functional limitations, Dr. Verma's own compensation and pension examination and the combined Veteran's Affairs Medical Center records fail to provide any objective support for the degree of limitation alleged. Testing has revealed only mild degenerative changes in the claimant's hands, and claimant's back revealed no more than minimal findings, with only episodic spasms and diffuse stiffness. The claimant retained a good range of motion and normal strength, and as such, Dr. Verma's recommended limitations are not internally consistent with the examination or the record as a whole (Exhibit 9F). R. 212.

The claimant did not request review by the Appeals Council, making the ALJ's decision the Commissioner's final decision now under judicial review pursuant to 42 U.S.C. § 405(g).

The plaintiff asserts error at Step 2 of the sequential evaluation process because the ALJ failed to include carpal tunnel syndrome as an additional impairment. The medical records show that Dr. Christiana Umphrey diagnosed bilateral carpal tunnel syndrome on September 21, 2004. R. 320. In both of his decisions, the ALJ referred to a compensation and pension examination conducted on May 15, 2003, in which Mr. Quintana was noted to have bilateral hand pain with too much exertion but there was no evidence of any diagnosed arthritic condition. The ALJ then referred to the claimant's testimony that he enjoys computer games as conflicting with the allegations of arthritis in his hands causing him to restrict his manipulative activities.

The second decision does not recognize Dr. Umphrey's diagnosis of carpal tunnel syndrome in November, 2004. The claimant testified that his play on the computer "was with the mouse" and that he did not know how to type. Accordingly, the ALJ's reference to enjoying computer games as inconsistent with restricting his manipulative activities is incorrect.

In his evaluation of the testimony of the claimant in both decisions, the ALJ found that Mr. Quintana's "subjective complaints and alleged limitations are not fully persuasive." R. 17 and 210. While the ALJ specifically noted the difference between the claimant's testimony and the medical records with respect to hearing loss and the extent of arthritic pain, the ALJ did not address the claimant's testimony regarding the

side effects of the pain medication requiring Mr. Quintana to take long naps each day. Beginning with *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) the Court of Appeals has consistently required that an ALJ must articulate specific reasons for questioning a claimant's credibility where subjective pain testimony is critical.  In this case, it is not the pain itself, it is the side effect of drowsiness that was never addressed by the ALJ.

     The ALJ was himself inconsistent in the decision under review by saying that the claimant had not seen a rheumatologist for his arthritis symptoms and had been prescribed Celebrex only if needed and then on the same page acknowledged that Mr. Quintana did undergo a rheumatology evaluation in December, 2004.  R. 211.  The ALJ failed to consider the effects of the medications the claimant was taking which the medical records showed to include Hydrocone, Vicodin and Celebrex.  Mr. Quintana was 54 years old and his past work was heavy exertional work.  He had a back injury in military service and had surgical repair.  His VA disability was 30%, later raised to 50%.

     In addressing hypothetical questions to the VE at the first hearing, the ALJ did not include drowsiness or the requirement to take long naps daily in the hypothetical which led the VE to describe the jobs that he expected the claimant to have the residual capacity to perform.  Indeed, when a second hypothetical was presented to include the limitation as testified to by the claimant in this matter of the need to sit down, lay down, recline off-task for a majority of the day due to pain, the VE responded that there was no type of competitive employment that Mr. Quintana could perform.  The question was posed in the need to rest because of pain rather than what the testimony actually was, that is, the side effects of the medication to relieve the pain.

It should also be noted that the carpal tunnel syndrome was not included in the ALJ's hypothetical question to the VE and the VE testified in a very conclusory manner with respect to the jobs that he said the claimant could perform, without describing their requirements or even giving specific reference to the titles in the Dictionary of Occupational Titles.  At oral argument, counsel for the Commissioner identified two titles that may have been what the VE described as photo machine operator and library clerk.  Counsel conceded that the telemarketer position should be excluded.

Because the ALJ had the obligation at Step 5 to demonstrate the residual functional capacity to perform these jobs and relied exclusively on the VE's testimony which did not address all of the limitations shown by the record and because the ALJ's rejection of the claimant's testimony with respect to the adverse side effects of pain medication, the decision has not been supported by substantial evidence and it is therefore

ORDERED that the decision is vacated and this matter remanded for further proceedings.

DATED:   March 8th, 2007

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge